L. Bishop Austin (SBN 175497)
L. Bishop Austin & Associates
3250 Wilshire Blvd., Ste 1500
Los Angeles, CA 90010
Telephone (213) 388-4939
Facsimile (213) 388-2411
Email: lbishopbk@yahoo.com
Attorney for Debtors/Movants

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| *IN RE* | ) Chapter 13 |
| | ) Case No. **2:09-bk-37265-AA** |
| | ) |
| ANTONIO NAVARRO AND ADELA GARCIA NAVARRO | ) **NOTICE OF DEBTOR'S MOTION AND** |
| | ) **MOTION FOR VALUATION OF** |
| | ) **SECURITY, DETERMINATION OF** |
| | ) **SECURED STATUS, AVOIDANCE OF** |
| | ) **LIEN, AND MODIFICATION OF** |
| | ) **RIGHTS OF LIENHOLDER BAC HOME** |
| | ) **LOANS SERVICING, LP; AND** |
| | ) **PERMISSION TO BE EXCUSED FROM** |
| | ) **MAKING FURTHER POST-PETITION** |
| | ) **MORTGAGE PAYMENTS TO** |
| Debtor/Movant | ) **RESPONDENT, BAC HOME LOANS** |
| | ) **SERVICING, LP, THE SECOND DEED** |
| | ) **OF TRUST HOLDER ONLY, ITS** |
| | ) **ASSIGNEES, TRANSFEREES AND/OR** |
| | ) **SUCCESSOR(S) IN INTEREST;** |
| | ) **MEMORANDUM OF POINTS AND** |
| | ) **AUTHORITIES, DECLARATIONS IN** |
| | ) **SUPPORT THEREOF** |
| | ) |
| | ) 11 U.S.C. §§506(a) and 1322(b); FRBP 3012 |
| | ) |
| | ) Date:        DECEMBER 8,  2009 |
| | ) Time:        09:00 AM |
| | ) Location:    255 E TEMPLE ST |
| | )              LOS ANGELES, CA 90012 |
| | ) Courtroom:  1375 |
| | ) |

**TO THE HONORABLE ALAN M. AHART, UNITED STATES BANKRUPTCY KATHY A DOCKERY, CHAPTER 13 TRUSTEE; BAC HOME LOANS SERVICING, LP  (2ND TD) RESPONDENT; AND ALL OTHER INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that on DECEMBER 8, 2009 at 09:00 A.M.., or as soon thereafter as the matter may be heard, in Courtroom  13752 of the above-entitled court, located at 255 E TEMPLE ST., LOS ANGELES, CA 90012, Debtor ANTONIO NAVARRO AND ADELA GARCIA NAVARRO, through undersigned counsel, L. Bishop Austin, will move the Honorable Court for a valuation of security under Rule 3012 of the <u>Federal Rules of Bankruptcy Procedure</u>, determination of secured status under 11 <u>United States Code</u> § 506(a) ad avoidance of lien and modification of the rights of lienholder under 11 <u>United States Code</u> §1322(b)(2).

This motion is based upon this notice, the attached memorandum of points and authorities, and Declaration of Debtors ANTONIO NAVARRO AND ADELA GARCIA NAVARRO, and Declaration of California Licensed Real Estate Appraiser as well as the records and files in this action, and such other evidence as may be presented at the hearing on this matter.

**Pursuant to Local Rule 9013-1(1)(g), any response to this motion shall be filed with the Clerk of the Court and served on all interest parties no later than fourteen (14) days prior to the above hearing date. Failure to do so may be deemed as a waiver of the objection to the foregoing.**

Dated:  NOVEMBER 6, 2009                  Respectfully submitted,

                                          __/s/ L Bishop Austin_____
                                          L. Bishop Austin (SBN 175497)
                                          Attorney for Debtor
                                          ANTONIO NAVARRO AND ADELA GARCIA
                                          NAVARRO

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    STATEMENT OF FACTS

Debtor ANTONIO NAVARRO AND ADELA GARCIA NAVARRO ("Debtor") filed his Chapter 13 Voluntary Petition on OCTOBER 7, 2009  A primary asset of the bankruptcy estate is Debtor's single family residence, located at  1007 East 42nd Place, Los Angeles, CA 90011, County of Los Angeles ("subject property"), the property at issue in this motion.

At the commencement of the instant case, Debtor was indebted to WELLS FARGO HOME MORTGAGE (1st TD), the beneficial holder of a promissory note secured by a first deed of trust, for an outstanding balance of approximately $141,292.24  This amount is inclusive of all outstanding pre-petition principal and interest arrears. Declaration of ANTONIO NAVARRO AND ADELA GARCIA NAVARRO ("Debtor's Declaration"), concurrently filed and attached herein; *see also* WELLS FARGO HOME MORTGAGE (1st TD)'s most current mortgage statement dated JUNE 18, 2009, attached herein as **Exhibit A**.

Debtor is also indebted to BAC HOME LOANS SERVICING, LP (2nd TD), the respondent and the beneficial holder of a promissory note secured by a second deed of trust.  As of the date of the commencement of this case, Debtor was indebted to BAC HOME LOANS SERVICING, LP (2nd TD) for an outstanding balance of approximately $93,935.81, inclusive of outstanding pre-petition principal and interest arrears.  Debtor's Declaration; *see also* BAC HOME LOANS SERVICING, LP (2nd TD)'s proof of claim filed on OCTOBER 14, 2009 under the name of BANK OF AMERICA, N.A., loan number XXXXXX4679, attached herein as **Exhibit B**.  See also Copy of Notice of Change of Creditor BANK OF AMERICA, N.A address and loan number filed in Court on November 6, 2009 as **Exhibit C**.

Both WELLS FARGO HOME MORTGAGE, and BAC HOME LOANS SERVICING, LP, the first and the second position lenders, are, and have been at all times, secured by legally recorded Deeds of Trust, recorded against the subject property.

Currently, the fair market value ("FMV") of the subject property is approximately $65,000.00, which is $76,292.24 less than the total payoff balance owed to WELLS FARGO HOME MORTGAGE as first trust deed holder. Debtor's Declaration; *see also* Declaration of

California Licensed Real Estate Appraiser ("Appraiser") concurrently filed and attached herein. Appraiser Tai-Hsiung Huang appraised the current fair market value of the subject property at $65,000.00 as of SEPTEMBER 12, 2009. *See* Appraisal Report attached herein as **Exhibit D**.

## II.     LEGAL DISCUSSION

### A.  *Debtor Seeks A Determination Of The Value Of The Subject Property.*

A debtor may move the court for a determination of the value of a property in the bankruptcy estate pursuant to Federal Rules of Bankruptcy Procedure (FRBP) Rule 3012. FRBP provides in pertinent that:

> "[t]he court may determine the value of a claim secured by a lien on property in which the estate has an interest, on motion of any party in interest and after a hearing on notice to the holder of the secured claim and any other entity as the court may direct."

FRBP Rule 3012.

FRBP 3012 implements Section 506(a) of the Bankruptcy Code with respect to valuation of a secured claim in order to determine the extent to which it is secured and the extend to which it is unsecured. The debtor seeks to extinguish the claimant's lien to the extent permitted under Sections 506(a), 1322(b)(2) and 1325 as provided in the Debtor's Chapter 13 Plan. *See* **Exhibit E**.

Further, **FRBP** Rule 1001 states that the bankruptcy rules "shall be construed to secure the just, speedy, and inexpensive determination of every case and proceeding." The objective of "expeditious and economical administration" of cases under the Bankruptcy Code has frequently been recognized by the courts to be "a chief purpose of the bankruptcy laws." Katchen v. Land (1966) 382 U.S. 323, 328.

Accordingly, Debtor ANTONIO NAVARRO AND ADELA GARCIA NAVARRO request this Court to determine the value of his single family residence, the subject property, to

be $65,000.00, which is in line with its current fair market value.  Debtor's Declaration; *see also* Declaration of the Appraiser.

### B.  Debtor Seeks A Determination Of The Extent Of WELLS FARGO HOME MORTGAGE 2ND TD' Secured Claim

Chapter 13 cases, such as the instant case, allow bifurcations of a claim into secured and unsecured portions. Wilson v. Commonwealth Mortgage Corp. (1990) 895 F.2d 123 (3rd Cir.). Further, 11 United States Code (U.S.C.) Section 506, a section of general applicability, states in relevant part as follows:

> "[a]n allowed claim of a creditor secured by a lien on a property in which the estate has an interest,…is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property…and [alternatively] is an unsecured claim to extent that the value of such creditor's interest…is less than the amount of such allowed claim."

11 U.S.C. §506(a).

In other words, Section 506(a) separates an under-secured creditor's claim into two parts: a secured claim to the extent of the value of the collateral, and an unsecured claim for the balance of the claim. Additionally, subsection (d) of 11 U.S.C. §506 states that, "To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void."

In the case at bar, the total of the first mortgage lien of WELLS FARGO HOME MORTGAGE (1st TD), the first trust deed holder, is under-secured as the secured value is greater that the value of its security interest. Therefore, necessarily, the second trust deed holder's held by Respondent BAC HOME LOANS SERVICING, LP (2nd TD) is totally unsecured.  As such, Debtor requests this Court to determine BAC HOME LOANS SERVICING, LP (2nd TD)'s interest herein to be unsecured.

### C.  A Totally Unsecured Mortgage Lienholder's Rights May Be Modified Under 11 U.S.C. §1322(b)(2).

1.    *Modification is Permissible under 11 U.S.C. §1322(b)(2).*

A loan which has fully matured prior to the filing of the Chapter 13 petition, or loan which matures during the life of the Chapter 13 plan, may be paid through the plan. Further, Section 1322(b)(2) of the <u>Bankruptcy Code</u> allows a debtor's Chapter 13 plan to modify the rights of secured claims, other than claims totally **secured** by an interest in real property that is the debtors' principal residence.  11 U.S.C. §1322(b)(2) provides in relevant part as follows:

> "The plan may…
> (b)(2) modify the rights of holders of secured claims, other than a claim secured by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims."

11 <u>U.S.C.</u> §1322(b)(2).  This section, especially when read in light of Section 506(a), *supra*, does not preclude modification by a Chapter 13 Plan of the rights of holders of unsecured claims' i.e., junior mortgages which are completely unsecured.  In this case, the loan by BAC HOME LOANS SERVICING, LP (2nd TD) had fully matured prior to Debtor's filing of his bankruptcy petition. Further, Respondent BAC HOME LOANS SERVICING, LP (2nd TD)'s junior lien claim is wholly unsecured.  As such, BAC HOME LOANS SERVICING, LP (2nd TD)'s lien may be modified.

2.    <u>Protections afforded secured claimants in the case of Nobleman v. American Savings Bank are inapplicable to the case at bar</u>

Protections otherwise afforded claimants by the case, <u>Nobleman v. American Savings Bank</u> (1993) 113 S.Ct. 2106, are inapplicable here as the senior lien of BAC HOME LOANS SERVICING, LP (2nd TD) is far in excess of the current fair market value of the subject property. Under <u>Nobleman,</u> a lien cannot be stripped if any portion of the interest was secured. Thus, by implication, when a lien is wholly unsecured, it can be stripped. Courts have consistently distinguished between <u>Nobleman</u> and facts involving a wholly unsecured lien holder. In fact, most reported decisions have rejected the proposition that <u>Nobleman</u> prohibits modification of a totally unsecured lien on a chapter 13 debtor's principal residence. These Courts, along with the 9th Circuit Bankruptcy Appellate Panel, interpret <u>Nobleman</u> to require the

existence of an allowable secured claim as the predicate for the protection from modification in

U.S.C. §1322(b)(2).

In the 9th Circuit Bankruptcy Appellate Panel Case of <u>In re</u> Lam (1997) 121 B.R. 36 (9th

Cir. B.A.P.), the Court held that:

> The <u>Nobleman</u> decision holding that section 1322(b) bars chapter
> 13 plan from modifying the rights of holders of claims, secured
> only by the debtor's principal residence, ***does not apply*** to holders
> of totally unsecured claims. The extension of the protections of the
> section 1322 (b) to wholly unsecured lien holders is contrary to the
> provisions of the bankruptcy code allowing dischargeability of
> unsecured claims.

<u>In re</u> Lam at 41 (emphasis added).

Similarly, <u>In re</u> Geyer (1996) 203 B.R. 726 (S.D. Cal.) sustained the debtor's motion to

avoid a lien brought under Bankruptcy Code Section 506(d), holding that a Chapter 13 debtor

may strip a lien on the debtor's primary residence when the lienholder's interest is totally

unsecured.  The <u>Geyer</u> court stated that:

> [T]he term 'secured claim' as used in section 1322(b)(2) has the
> same meaning as the term "secured claim" in section 506(a).
> Unless there is some equity to which the creditor's lien attaches,
> there is no allowed secured claim and no entitlement to the
> protection against modification contained is section 1322 (b)(2). A
> chapter 13 debtor may 'strip-off' a lien on his or her primary
> residence under the plan or under section 506(d) when the lien
> holder's interest is totally unsecured.

<u>In re</u> Geyer, 203 B.R. 726, 729 (S.D. Cal. 1996).

In the case at bar, the real property to be retained in the Chapter 13 Plan is Debtor's

principal residence. The value of the subject property is only $65,000.00 while the value of the

first deed of trust held by WELLS FARGO HOME MORGTGAGE   (1st TD) is at least

$141,292.24. See Debtor's Declaration; *see also* Appraiser Declaration.  As such, Respondent

BAC HOME LOANS SERVICING, LP (2nd TD) possesses a totally unsecured lien on the

debtor's home and does not have an allowable secured claim.   Accordingly, BAC HOME

LOANS SERVICING, LP (2ND TD) cannot seek protection from modification under 11 U.S.C.

§1322 (b) (2) and Debtor may modify the claim and avoid BAC HOME LOANS SERVICING, LP (2ND TD)'s lien.

BAC HOME LOANS SERVICING, LP (2ND TD)'s secured interest on the second deed of trust is zero since there is no equity to which the second deed of trust can attach. Therefore, the second deed of trust should de extinguished, reconveyed, and treated as unsecured for purposes of the instant Chapter 13 proceeding.

Moreover, in <u>Nobleman,</u> Justice Thomas held that <u>Bankruptcy Code</u> Section 1322(b)(2) prohibits splitting an under-secured home mortgage holder's claim into its secured and unsecured portions for purposes of confirmation of a Chapter 13 Plan. <u>Nobleman</u>, 113 S.Ct. 2106. Unlike the case at bar, in <u>Nobleman,</u> the lien to be stripped was the holder of the first deed of trust for $71,335.00, and the debtor's principal resident was worth $23,500.00. Thus, the bank's claim was at least partially secured by the debtor's home. In the case at bar, the lien to be voided is not the first but the second deed of trust. Further, there can be no reasonable contention that any part of the second deed of trust is secured. Thus, the facts, reasoning and holding of <u>Nobleman</u> are inapplicable to the case at bar. Because claimant possesses a totally unsecured lien on the debtor's home and does not have an allowable secured claim, claimant cannot seek protection from modification under 11 U.S.C. §1322 (b)(2) and the debtor may modify the claim and avoid claimant's lien.

3.    ***<u>Dewsnup v. Timm is distinguished from lien stripping in the instant case</u>***

The Chapter 7 case of <u>Dewsnup v. Timm</u> 112 S.Ct 773 (1992) has no application to this Chapter 13 case. Justice Scalia, in his dissent in <u>Dewsnup</u>, points out the difference between Chapter 7 and Chapter 13 lien stripping, stating that:

> Respondents assume…that a <u>debtor</u> in a Chapter 13 cannot strip down a mortgage placed on the debtor's home…but that assumption may beg the very question the Court answers today. True, Section 1322(b)(2) provides that Chapter 13 filers may not "modify the rights of secured claims", secured only by a security

> interest in real property that is the debtor's principal residence. But this can be and has been read, in light of Section 506(a), to prohibit modification of the mortgagee's rights only with respect to the operation of his claim that is ***deemed secured*** under the Code.

Dewsnup (1992) 112 S. Ct. 773, 784 (emphasis added).

Dewsnup was discussed at length in Denver v. Internal Revenue Services, (1994) 164 B.R. 132 (C.D. Cal.). Judge Fenning in Denver discussed the issue of lien stripping in Chapter 13 cases, stating that:

> "The dispositive issue in this case is whether Eastland's undersecured loan may be bifurcated into two claims by applying general principals of Section 506(a) to the mortgage and the protecting only the secured claim by provisions Section 1322(b). We believe it can."

Denver citing *In re* Hart 923 F.2d 1410, 1413 (10th Cir. 1991).

After citing In re Hart, the Denver court went on to the state that:

> If Section 506 does not permit debtors to bifurcate under-secured claims and strip down liens to their collateral value, then all secured creditors would be freed of any concern that debtors could reduce the amount of their lien while retaining property. If Congress did not intend to allow lien stripping in general in Chapter 13 cases, then why would it bother to draft the exclusionary language of Section 1322. As justice Steven's concurring opinion in Nobleman emphasized, the legislative history of Section 1322(b)(2) reflects Congressional desire to provide special protections to residential lenders.

Denver v. IRS at 141.

Here, Debtor filed a Chapter 13 voluntary petition. The real property to be retained in the Chapter 13 Plan is Debtor's principal residence. The value of the subject property is $65,000.00 while the value of the first deed of trust held by WELLS FARGO HOME MORTGAGE (1st TD) is at least $141,292.24. Debtor's Declaration; *see also* Appraiser's declaration. Respondent BAC HOME LOANS SERVICING, LP (2nd TD) possesses a totally unsecured lien on Debtor's home and does not have an allowable secured claim. Accordingly, respondent BAC HOME LOANS SERVICING, LP (2nd TD) cannot seek protection from modification under 11 U.S.C. §1322

(b)(2) and Debtor may modify the claim and avoid BAC HOME LOANS SERVICING, LP (2ND TD)'s lien.  The second deed of trust should be extinguished, reconveyed, and treated as unsecured for purposes of the instant Chapter 13 proceeding.

## III.    CONCLUSION

WHEREFORE, based on the foregoing statutory and decisional authority, the debtor respectfully requests that the Court grant this motion and issue an order that ***second deed of trust*** held by respondent BAC HOME LOANS SERVICING, LP (2ND TD) is ordered extinguished and reconveyed upon the successful completion of the debtor's Chapter 13 plan and subsequent Chapter 13 discharge, and deemed an unsecured claim in the instant proceeding and that the debtor be excused from making further payments under Respondent's note.

Dated:  NOVEMBER 6, 2009                    Respectfully submitted,


            */s/ L Bishop Austin*
L. Bishop Austin (SBN 175497)
Attorney for Debtor
ANTONIO NAVARRO AND ADELA GARCIA
NAVARRO

### **DECLARATION OF DEBTOR**

I, ANTONIO NAVARRO AND ADELA GARCIA NAVARRO declare:

1.      I know the following facts to be true from my own personal knowledge, except those facts which are stated on information and belief and as to those facts I believe them to be true. I could and would competently testify under oath to the truthfulness of the following facts.

2.      I am the debtor in the Chapter 13 Bankruptcy case, Case No. 2:09-bk-37265-AA. I am the owner of the property located at 1007 East 42nd Place, Los Angeles, CA 90011, County of Los Angeles ("subject property"),

3.      The First Deed of Trust on the subject property, held by WELLS FARGO HOME MORTGAGE (1st TD) is secured by a First Deed of Trust, under Loan Number 0146179478. WELLS FARGO HOME MORTGAGE'S most current payoff balance reflects a total of $141,292.24 as of JUNE 18, 2009.  *See* **Exhibit A**, WELLS FARGO HOME MORTGAGE'S most current mortgage statement dated JUNE 18, 2009.  I concur with this figure.

4.      The Second Deed of Trust on the subject property, held by BAC HOME LOANS SERVICING, LP (2nd TD), is secured by a Second Deed of Trust under current Loan Number XXXXX0736 (Original Loan Number was 7201124679 under lender Bank of America) , most current payoff balance reflects a total of $93,935.81 as OCTOBER 14, 2009. *See* **Exhibit B**, BAC HOME LOANS SERVICING, LP 2nd TD's proof of claim filed in Court on OCTOBER 14, 2009 under the name of BANK OF AMERICA, N.A., loan number XXXXXX4679.

5.      On or about SEPTEMBER 12, 2009 I retained the services of a California licensed real estate appraiser, Tai-Hsiung Huang for the purpose of ascertaining the current fair market value of the subject property.   Appraiser Tai-Hsiung Huang appraised the subject property at $65,000.00 as of SEPTEMBER 12, 2009.  Attached herein as **Exhibit D** is a true and correct copy of Appraisal Report.   I believe the appraised value is correct based on my knowledge of the property and of local market conditions.

6.     Given the value reflected in the appraisal report, I filed the original Schedule "A" where I estimated that the fair market value over the appraised value $65,000.00 A true and correct copy of my Schedule "A" is attached and incorporated by reference herein as **Exhibit F**. I based this number on the appraisal report done on my property on SEPTEMBER 12, 2009 by appraisal Tai-Hsiung Huang.

7.     As a result, I believe that BAC HOME LOANS SERVICING, LP (2ND TD)'s claim is wholly unsecured and subject to avoidance upon completion of my proposed Chapter 13 Plan.  Accordingly, I am respectfully requesting the Court to determine the value of the subject property and the secured status of the Respondent's claim to be wholly unsecured and subject to avoidance upon completion of my proposed Chapter 13 plan.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and compete to the best of my knowledge. Executed at Los Angeles, California on this  6th   day of  November, 2009.


     /s/ Antonio Navarro
ANTONIO NAVARRO


     /s/ Adela Garcia Navarro
ADELA GARCIA NAVARRO

## DECLARATION OF APPRAISAR

I,TAI-HSIUNG HUANG:

1.      I hold a California Real Estate Appraiser License, License Number AR-010744, and I am a professional in good standing.  I make this declaration based upon my own personal, firsthand knowledge, my education, training and experience in the field of real estate appraisal and if called as a witness, I could and would competently and truthfully testify thereto. I was retained by ANTONIO NAVARRO AND ADELA GARCIA NAVARRO on SEPTEMBER 12, 2009 to examine and appraise a single family residence located at 1007 East 42nd Place, Los Angeles, CA 90011, County of Los Angeles ("subject property").

2.      My main and only service is to prepare appraisals for real estate properties in California, of which I perform approximately five (5) to ten (10) residential appraisals per month.

3.      On SEPTEMBER 12, 2009, I had occasion to conduct an appraisal of the subject property for ANTONIO NAVARRO AND ADELA GARCIA NAVARRO. Attached and incorporated by reference herein as Exhibit "C" is a true and correct copy of the SEPTEMBER 12, 2009 Appraisal Report I prepared.

6.      In preparing the Appraisal Report, I performed market research, inspected the subject property, both interior and exterior, measured the subject property to determine the square footage, and surveyed the immediate neighborhood.

7.      In determining the fair market value for the subject property, I used both the sales comparison approach and the cost approach, with the greater weight given to the sales comparison approach. I consider the sales approach to be the most reliable in determining fair market value because it more accurately simulates buyers' perceptions and actions.

8.      Based upon my observations, inspection of the subject property, and market research as well as my training, education and experience as a residential appraiser, it is my professional opinion that the subject property has a fair market value of $65,000.00 as of SEPTEMBER 12, 2009.

9.      I have no present or contemplated future interest in the subject property described in the Appraisal Report. Neither my employment nor my compensation for this appraisal is contingent upon the value found.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and complete to the best of my knowledge. Executed this 6th day of November, 2009 at Los Angeles, California.

_/s/ Tai-Hsiung Huang_
TAI-HSIUNG HUANG
California Licensed Real Estate Appraiser

## **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am over the age of 18 and not a party to the within action.  My business mailing address is **3250 Wilshire Blvd., Ste 1500, Los Angeles, California 90010**.

    On <u>NOVEMBER 6, 2009</u>, I served the following document described as **NOTICE OF DEBTOR'S MOTION AND MOTION FOR VALUATION OF SECURITY, DETERMINATION OF SECURED STATUS, AVOIDANCE OF LIEN, AND MODIFICATION OF RIGHTS OF LIENHOLDER BAC HOME LOANS SERVICING, LP; AND PERMISSION TO BE EXCUSED FROM MAKING FURTHER POST-PETITION MORTGAGE PAYMENTS TO RESPONDENT, BAC HOME LOANS SERVICING, LP, THE SECOND DEED OF TRUST HOLDER ONLY, ITS ASSIGNEES, TRANSFEREES AND/OR SUCCESSOR(S) IN INTEREST; MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATIONS IN SUPPORT THEREOF** on all interested parties in this action by placing  [ **X** ] a true copy  [    ] the original thereof enclosed in sealed envelopes addressed as follows:

### *Please See Attached Mailing List*

[ **X** ]  **BY MAIL:** I enclosed a copy in separate envelopes, with postage fully prepaid, addressed to each addressee named below, and deposited each sealed envelope with the United States Postal Service in Los Angeles, California, for delivery as addressed above.

[    ]  **BY OVERNIGHT SHIPPING:** I caused such envelope(s) to be delivered via the above-checked shipper to the addressee(s) designated herein.

[    ]  **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the addressee(s) designated.

[    ]  **BY FACSIMILE:** I caused said documents(s) to be transmitted to the facsimile number(s) of the addressee(s) designated as follows:

[    ]  **BY ELECTRONIC MAIL:** I caused said documents(s) to be transmitted to the electronic mail address(s) of the addressee(s) designated as follows:

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on <u>NOVEMBER 6, 2009</u>, at Los Angeles, California.

                                  _____*/s/ Moises Lopez*_____
                                              Moises Lopez

ANTONIO NAVARRO
1007 E 42ND PLACE
LOS ANGELES, CA 90011

ADELA GARCIA NAVARRO
1007 E 42ND PLACE
LOS ANGELES, CA 90011

L. BISHOP AUSTIN
L. BISHOP AUSTIN & ASSOCIATES
3250 WILSHIRE BLVD., STE 1500
LOS ANGELES, CA 90010

CHAPTER 13 TRUSTEE
KATHY A DOCKERY
700 S. FLOWER ST., STE 1950
LOS ANGELES, CA 90017

CERTIFIED MAIL:
BAC HOME LOANS SERVICING, L.P.
ATT.: JENNIFER SCHNAUFER
7105 CORPORATE DRIVE
PLANO, TX 75024

BANK OF AMERICA, N.A.
PRESIDENT OR GENERAL DIRECTOR
475 CROSSPOINT PARKWAY
POST OFFICE BOX 9000
GETZVILLE, NEW YORK 14068